IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01512-BNB

ANTHONY VAUGHN,

    Applicant,

v.

STEVE HARTLEY, Warden of Fremont, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 20 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Anthony Vaughn, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Canon City, Colorado. Mr. Vaughn initiated this action by filing a *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 01-CR-3059 in the Denver County District Court of Colorado.

In an order entered on August 28, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, Respondents filed a Pre-Answer Response on October 19, 2009. Mr. Vaughn filed a Reply on November 12, 2009.

The Court must construe liberally the Amended Application filed by Mr. Vaughn

because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On August 16, 2002, a jury found Mr. Vaughn guilty of one count of sexual assault on a child, one count of sexual assault on a child committed as part of a pattern of abuse, two counts of sexual assault on a child by one in a position of trust, and one count of sexual assault on a child by one in a position of trust committed as part of a pattern of abuse. Pre-Answer Resp. Ex. A at p. 4 (State Register of Actions). On November 18, 2002, the trial court sentenced Mr. Vaughn to a combination of concurrent and consecutive prison sentences totaling thirty-two years to life. *Id.* at 5.

Mr. Vaughn filed a direct appeal to the Colorado Court of Appeals (CCA). *Id.* The CCA affirmed his conviction on September 1, 2005, but remanded the case to the trial court with orders to correct the mittimus to reflect that Mr. Vaughn's conviction on the first count was for sexual assault on a child, rather than sexual assault on a child by one in a position of trust. **See People v. Vaughn**, No. 02CA2426 (Colo. App. Sept. 1, 2005) (unpublished opinion). Mr. Vaughn petitioned the Colorado Supreme Court (CSC) for certiorari review, which the CSC denied on November 28, 2005. Pre-Answer Resp. at Ex. E.

On January 20, 2006, Mr. Vaughn filed a motion for postconviction relief alleging ineffective assistance of counsel. Pre-Answer Resp. Ex. A at p. 8. The trial court denied the motion on February 3, 2006. *Id.* Mr. Vaughn did not file an appeal.

2

On November 8, 2006, Mr. Vaughn filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. *Id.* The trial court denied the motion on November 13, 2006. *Id.* Mr. Vaughn filed an appeal, and the CCA affirmed the trial court on August 9, 2007. **See People v. Vaughn**, No. 06CA2499 (Colo. App. Aug. 9, 2007) (unpublished opinion).

While Mr. Vaughn's appeal of the trial court's November 13, 2006, order, was pending, Mr. Vaughn also filed a Motion to Vacate Void Judgment with the trial court on March 23, 2007. Pre-Answer Resp. Ex. A at p. 8. The trial court denied the motion on April 5, 2007. *Id.* Mr. Vaughn filed an appeal to the CCA on October 30, 2007, but the appeal was dismissed on September 30, 2008, after Mr. Vaughn failed to file a status report. Pre-Answer Resp. Ex. F at p. 4.

On December 22, 2008, Mr. Vaughn filed a Demand for Identification and Petition for Order for Release. Pre-Answer Resp. Ex. A at p. 9. The trial court denied the motions on January 9, 2009. *Id.* Mr. Vaughn did not file an appeal.

Mr. Vaughn then filed the instant action, which was received by the Court on June 16, 2009.[1] In the Amended Application, Mr. Vaughn asserts three claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application

---

[1] The prison mail box rule holds that a *pro se* prisoner's habeas application will be considered filed on the date that the application is deposited in the institution's internal mail system. *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) However, to obtain the benefits of this rule, a prisoner must provide a "declaration in compliance with 28 U.S.C. § 1746 or [a] notarized statement, either of which must set forth the date of deposit and state that first-class postage has been paid." *Id.* at 1164 (citing Fed. R. App. P. 4(c)(1)). While Mr. Vaughn certifies that he deposited a true copy of the Application in United States Mail, with sufficient postage prepaid, Mr. Vaughn does not provide the date that he did so. Therefore, he cannot obtain the benefit of the mail box rule. Accordingly, the Court must consider the date the application was received, June 16, 2009, as the date that the application was filed.

3

>for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Vaughn's criminal case became final. Because Mr. Vaughn filed a direct appeal, his conviction became final ninety days after November 28, 2005, the date the CSC denied certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court finds that Mr. Vaughn's conviction became final on

February 27, 2006.[2] As such, the one-year statute of limitations began to run on February 28, 2006, the next business day after the conclusion of the time to appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Vaughn's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a

---

[2] The ninetieth day after November 28, 2005, was February 26, 2006. However, February 26, 2006, was a Sunday. Therefore, the filing deadline extended until February 27, 2006. *See* C.A.R. 26(a).

5

post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

In this case, the limitation period was immediately tolled because Mr. Vaughn's first post-conviction motion was filed on January 20, 2006, prior to the expiration of the filing period on February 29, 2006. Pre-Answer Resp. Ex. A at p. 8. The post-conviction motion was denied on February 3, 2006. *Id.* Mr. Vaughn then had 45 days, or until March 20, 2006, to appeal the trial court's denial of the motion to the CCA. *See* Colo. App. R. 4(b). Mr. Vaughn did not file an appeal.

Therefore, the limitation period began to run on March 21, 2006. There were no pending motions in the state court action between March 21, 2006, and November 7, 2006. These **232** days are credited against the one-year statute of limitations.

On November 8, 2006, Mr. Vaughn filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. Pre-Answer Resp. Ex. A at p. 8. Thereafter, Mr. Vaughn had pending post-conviction motions in the state courts until September 30, 2008, the date the CCA dismissed his third appeal for failure to file a status report. *Id.* at 9. Mr. Vaughn then had 46 days, or until November 17, 2008,[3] to file a petition for writ of certiorari to the Colorado Supreme Court. *See* Colo. App. R. 52(b)(3). Mr. Vaughn did not file a petition for writ of certiorari.

Therefore, the limitation period began to run again on November 18, 2008. There were no pending motions in the state court action between November 18, 2008

---

[3] The forty-sixth day after September 30, 2008, was November 15, 2008. However, November 15, 2008, was a Saturday. Therefore, the filing deadline extended until November 17, 2008. *See* C.A.R. 26(a).

and December 21, 2008. Pre-Answer Resp. Ex. A at p. 9. These **34** days are credited against the one-year statute of limitations. On December 22, 2008, Mr. Vaughn filed a Demand for Identification and Petition for Order for Release. *Id.* The trial court denied the motions on January 9, 2009. *Id.* Mr. Vaughn then had 45 days, or until February 23, 2009, to appeal the trial court's denial of the motion to the CCA. *See* Colo. App. R. 4(b). Mr. Vaughn did not file an appeal.

Therefore, the limitation period began to run again on February 24, 2009, and expired on June 3, 2009, the 365th day after the limitation period began to run (232 days + 34 days + 99 days = 365 days). Accordingly, the Court finds that the limitation period expired approximately thirteen days prior to the filing of the application on June 16, 2009. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Vaughn bears the burden of demonstrating that

equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Vaughn fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Vaughn has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 20 day of November, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01512-BNB

Anthony Vaughn
Prisoner No. 116051
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

John J. Fuerst III
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

  I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/20/09

          GREGORY C. LANGHAM, CLERK

          By: _____
             Deputy Clerk